United States District Court
Southern District of Texas
**ENTERED**
July 07, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ERIC WAYNE LLOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00305 |
| | § | |
| SERGEANT VILLARREAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Eric Wayne Lloyd ("Plaintiff"), proceeding *pro se*, has filed a motion for entry of default. (Doc. No. 27.) This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636. For the reasons explained below, the undersigned construes Plaintiff's motion as one for both entry of default by the Clerk and entry of default judgment against Defendants, and recommends that Plaintiff's motion be DENIED.

*A. Background: Plaintiff's lawsuit, Defendants' late answer, and Plaintiff's motion for default.*

On December 20, 2021, Plaintiff filed this 42 U.S.C. § 1983 civil rights action against Sergeant Villareal, Deputy Meakins, and Michael Page ("Defendants"). (Doc. No. 1.) After conducting a *Spears*[1] hearing, the Court ordered service of process on Defendants on April 6, 2022. (Doc. No. 16.) This order provided that Defendants had 45 days from receipt of the original complaint to file an answer. *Id.* at 1. Service of process on the Bee County Attorney's

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Office was executed on April 19, 2022.  (Doc. No. 23.)[2]  Thus, Defendants had until June 3, 2022 to timely respond.  *See* Fed. R. Civ. P. 6(a)(1).

June 3 came and went, with no answer from Defendants and no request for any extension of the response deadline.  The Court's case manager contacted the Bee County Attorney's Office, to which the Court's order had been directed, in hopes of prompting a reply.  No pleading was forthcoming.  Finally, on June 8, the Court scheduled a show cause hearing for June 17, 2022, to determine why Defendants had not responded to Plaintiff's complaint as instructed.  *See* Doc. No. 16.  On the eve of that hearing, Defendants finally filed their answer.  (Doc. No. 25.) Defendants' June 16, 2022 filing occurred 13 days after the response deadline.

Despite Defendant's last-minute filing, the Court proceeded with the June 17 show cause hearing.  Present at that hearing were Plaintiff and counsel for Defendants.  At the hearing, counsel for Defendants did not offer any excuse for the late filing, but did explain that his firm had been retained, and that he had been assigned, to represent Defendants on June 15, 2022 – 12 days after the Court's deadline for the filing of Defendants' answer.  Counsel for Defendants therefore filed the answer within one day after being retained.  Counsel for Defendants acknowledged his understanding of the Court's deadlines.  At the hearing, the parties agreed to enter into a scheduling order setting further deadlines in this case.  The Court has since entered that scheduling order.  *See* Doc. No. 29.

The Court received the instant motion for default from Plaintiff on June 17, 2022.  (Doc. No. 27.)  By this time, Defendants had already filed their answer, and the June 17 show cause

---

[2]  All Defendants were employees of Bee County, Texas, at the time of the incidents giving rise to this case, and Plaintiff is suing Defendants in both their official and personal capacities.  *See* Doc. No. 25, p. 1; Doc. No. 13, pp. 56, 59, 61-62.  Thus, service of process was sent to the Bee County Attorney's Office.  Neither the Bee County Attorney's Office nor Defendants have contended that such service was improper.

hearing had already occurred.[3]  In his application, Plaintiff correctly observes (as of the time he filed the application) that Defendants had yet to file an answer, and that the deadline to do so had expired.  He states: "The defendants have ignored the honorable judge's order and have failed to show the Court the respect to even respond, plead, or answer ... I, Eric Lloyd, respectfully request the clerk to file a[n] 'entry for default' on this day, June 8th, 2022."  *Id.* at 2 (ellipses in original).  The envelope containing Plaintiff's motion states that Plaintiff mailed his motion on June 9, 2022.  (Doc. No. 27-2.)  The envelope is postmarked June 14, 2022.  *Id.*

Plaintiff, who is not represented by counsel, does not state a specific basis in law for his request.  The Clerk has not entered a default against Defendants.

### B.  Legal standard: default.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

An entry of default under Rule 55(a) is different from a grant of default judgment under Rule 55(b).  Entry of default under Rule 55(a) is a prerequisite to a grant of default judgment. *See Cox v. Collin County Sheriff's Office*, No. 4:13-CV-648, 2014 WL 61068, at *1 (E.D. Tex. Jan. 7, 2014) (citing *Beachhead, L.P. v. Solar Night Indus., Inc.*, No. 3:08-cv-0718-D, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008)); *see also* 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2682 (4th ed., April 2022 update).

---

[3]  Plaintiff stated during the June 17 hearing that he had filed a motion seeking default.  That motion had not yet reached the Court by the time of the hearing, despite having been mailed (according to Plaintiff's handwritten envelope) on June 9 and postmarked on June 14.  Plaintiff suggested at the hearing that Bee County Jail authorities were deliberately delaying his mail.  The Court, without more, declines to join Plaintiff in such speculation.

"The Fifth Circuit has held that a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (*per curiam*) (quoting *Gather v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The granting of a default judgment is within the discretion of the district court. *Lewis*, 236 F.3d at 767.

Courts generally disfavor the entry of default judgments, describing them as "'drastic remed[ies], not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)); *see also Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000) (noting that entry of default judgments are generally "disfavored in the law"); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ("default judgments are disfavored"). Additionally, default judgments "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984) (*per curiam*)). Indeed, the "Fifth Circuit favors disposition on the merits," and "late filings may be excused so that the Court can reach disposition on the merits." *Ponder v. Wersant*, No. 4:17-CV-00537, 2017 WL 5904720, at *2 (S.D. Tex. Sept. 29, 2017) (Harmon, J.) (citations omitted). In determining whether to grant the entry of a default judgment, the Fifth Circuit has articulated that:

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

### C. Analysis: Neither entry of default nor default judgment is appropriate in this case.

In his motion, Plaintiff asks that the Clerk "file a[n] 'entry of default.'"  (Doc. No. 27, p. 2.)  Plaintiff's reference to the Clerk, as well as his request that a default be entered, suggests that his request is based on Rule 55(a).  Plaintiff is not represented by counsel, however, and did not specify the provision under which he makes his request: construing Plaintiff's pleadings liberally,[4] it is possible that Plaintiff also seeks default judgment under Rule 55(b).  Out of an abundance of caution, the Court analyzes Plaintiff's motion under both rules.

### 1. The district court should exercise its discretion not to order entry of default.

Defendants' answer was late.  They did not answer within the time established by the Court.  Nevertheless, entry of default under Rule 55(a) is not appropriate in this case.

Under Rule 55(a), the Clerk does not automatically enter a party's default upon expiration of the deadline to answer; rather, the Clerk is to enter a default only when the failure to answer "is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Here, Plaintiff's motion for default bears a signature date of June 8, 2022.  The envelope containing the motion was apparently deposited for mailing on June 9, 2022, was postmarked on June 14, and was received by the Court and docketed on June 17.  *See* Doc. No. 27-2 (envelope bearing June 14 postmark but indicated it was deposited for mailing on June 9).  By the time Plaintiff's motion was received and docketed by the Clerk, Defendants had already filed their answer.  *See* Doc. No. 25.  When considering a motion for entry of default under Rule 55(a), the Clerk is to determine whether, upon examining the motion, the defendant has failed to answer.  At the time the Clerk

---

[4] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

received Plaintiff's motion, Defendants had answered.  Entry of default is therefore inappropriate.  *Cf. Ellis v. Clarksdale Public Utilities*, No. 4:20-CV-32-DMB-JMV, 2020 WL 6708758, at *3 (N.D. Miss. Nov. 13, 2020) (motion to dismiss filed after deadline to answer, but before motion for entry of default, precluded entry of default); *Waltner v. Aurora Loan Servs., L.L.C.*, No. A-11-CA-502-SS, 2012 WL 12864992, at *2 (W.D. Tex. Jan. 17, 2012) (same).

Although application of the "prison mailbox rule" may mean that, technically, Plaintiff's request for entry of default was "filed" before Defendants filed their answer, *see Houston v. Lack*, 487 U.S. 266, 276 (1988); *Richards v. Thaler*, 710 F.3d 573, 577-78 (5th Cir. 2013), at the time Plaintiff's motion arrived at the courthouse for filing the Clerk had the benefit of knowing that Defendants had answered and were taking steps to litigate this case.  The Court retains discretion whether to order entry of default, even if the requirements of Rule 55(a) are satisfied.  *See Plummer v. Rockwater Energy Solutions, Inc.*, No. H-18-4746, 2020 WL 1963001, at *1 (S.D. Tex. Apr. 2, 2020) (Bray, M.J.) (citing *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955)); *see also Cannon v. Washington*, 321 F. App'x 501, 502-03 (7th Cir. 2009) (even if prison mailbox rule applied, plaintiff could not show entitlement to default because defendants had not refused to participate in litigation and were defending the case).

Even if entry of default were technically permissible and entered, the Court would recommend that such default be set aside upon motion of Defendants because default judgment is not appropriate for the reasons discussed in the next section.  Accordingly, the undersigned recommends that the district court exercise its discretion not to order entry of default.  *Cf. Brown*, 135 F. Supp. at 624 (declining to enter default when it was apparent that default would be set aside on motion by defendants).

**2.  Even if a default were entered under Rule 55(a), default judgment under Rule 55(b) is not appropriate.**

A review of the *Lindsey* factors demonstrates that a default judgment against Defendants would not be appropriate.  *See Lindsey*, 161 F.3d at 893.  First, and most notably, there is no indication that Plaintiff has been prejudiced at all, let alone substantially prejudiced, by Defendants' delay.  While Defendants' answer was filed outside of the time requirements, the Court concludes that this 13-day delay is not so extreme as to substantially prejudice Plaintiff. There appears to be no change in the availability of any evidence or testimony in this case, and there is no indication that Plaintiff cannot, because of the delay, litigate his case fully.  *Cf. Roebuck v. Diamond Detective Agency*, 484 F. App'x 976, 977 (5th Cir. 2012) (*per curiam*) (district court did not abuse its discretion in denying a motion for entry of default because the answer was ultimately filed, even though late, and nothing indicated that plaintiff suffered any prejudice due to the delay); *Silva Int'l, Inc. v. Silva Ultramind Sys., L.L.C.*, No. L-08-99, 2008 WL 4694210, at *2 (S.D. Tex. Oct. 23, 2008) (Alvarez, J.) (finding that a delayed answer of ten days would not result in substantial prejudice to the plaintiffs).

The discussion among the parties at the show cause hearing concerning the future schedule of events in this case further reinforces the notion that Defendants' delayed answer has not prejudiced Plaintiff.  The Court has entered an order setting deadlines for discovery, designation of expert witnesses, amendment of pleadings, and the filing of dispositive motions. (Doc. No. 29.)  As the Court stated at the show cause hearing, even if Defendants had timely filed their answer, the Court's order setting deadlines would have contained the same dates as the order actually entered.  *See id.*  In other words, the timeline and dates controlling the disposition of this case are unaffected by the delay.  Moreover, Plaintiff recently filed a discovery plan and

request for issuance of subpoenas (Doc. Nos. 30, 31), again demonstrating the advancement of this action and lack of prejudice to Plaintiff from the delay in Defendants' answer.

Furthermore, even when grounds for default have been technically established, default judgments should not be granted solely on the fact that a defendant fails to adhere to a procedural time requirement.  *Lacy*, 227 F.3d at 292.  Were the Court to grant a default judgment, such would be the case: the decision would solely rely on the fact that Defendants filed their answer late.  Such a decision would be excessively harsh when balancing that procedural shortcoming against this case as a whole, which, as noted above, continues to advance.

To expand on this point, Defendant's answer to Plaintiff's complaint shows an intent to defend against Plaintiff's claims, contests material issues of fact, and asserts affirmative defenses.  *See* Doc. No. 25; *Silva Int'l, Inc*., 2008 WL 4694210, at *2 (an untimely answer that nonetheless contested material issues of fact and claimed affirmative defenses weighed against a granting of a motion for default judgment).  And, while the Court notes that Defendants have not made a showing of a good-faith mistake or excusable neglect (or, in fact, any reason) for their untimeliness, counsel for Defendants immediately filed an answer once retained.  Thus, the Court is satisfied that Defendants took adequate steps to stanch their unexcused untimeliness, and that this factor does not weigh strongly against Defendants.

Application of the relevant factors weighs against the granting of a default judgment, especially considering the lack of prejudice to Plaintiff and the continued progression of this action.  In accordance with the Fifth Circuit's preference for resolving cases on the merits, the Court finds that this case should continue to proceed towards resolution.  *Cf. Ponder*, 2017 WL 5904720, at *2.

### D.  Conclusion and Recommendation.

The undersigned recommends that Plaintiff's motion for entry of default, and for default judgment (Doc. No. 27), be DENIED.

Despite this recommendation, the Court expresses its disappointment with the Bee County Attorney's Office.  Were it not for that office's cavalier delay in arranging for the filing of Defendants' answer, Plaintiff would not have needed to file his motion seeking default, and the Court would not have needed to expend resources entertaining that motion.[5]  The Court expects more timely attention to deadlines.

### E.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[5]  The Court's disappointment is solely with the Bee County Attorney's Office – not with retained counsel for Defendants.  Counsel has acted professionally, and filed Defendants' answer within one day after being hired.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on July 6, 2022.

                                      MITCHEL NEUROCK
                                      United States Magistrate Judge